Hon. Mary K. Dimke

Kenneth A. Miller
Joel R. Comfort
kmiller@mmclegal.net
jcomfort@mmclegal.net
1020 N. Center Parkway, Suite B
Kennewick, WA 99336
Telephone: (509) 374-4200
Fax: (509) 374-4229
*Attorneys for Plaintiff Lampson*

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAMPSON INTERNATIONAL, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AGRI-SYSTEMS, dba ASI INTERNATIONAL, a Montana corporation; TOKIO MARINE AMERICA INSURANCE COMPANY, a New York corporation; MARSH & MCLENNAN AGENCY LLC, a Delaware limited liability company,<br><br>Defendants. | (Benton County Superior Court Cause No. 25-2-03390-03)<br><br>NO.  4:25-cv-5185-MKD<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT MARSH & MCLENNAN AGENCY LLC'S MOTION TO DISMISS |

**COMES NOW** Plaintiff Lampson International, LLC, by and through its attorneys, Miller, Mertens & Comfort, P.L.L.C., and hereby offer the following Response to Defendant Marsh & McLennan Agency LLC's Motion to Dismiss.

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 1

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

## I.    INTRODUCTION

This case involves a series of contracts between the parties, including a Standard Equipment Lease Agreement dated April 8, 2024, between Plaintiff and Defendant Agri-Systems, an insurance policy issued by Defendant Tokio Marine America Insurance Company, and a Certificate of Insurance issued by Defendant Marsh & McLennan Agency, LLC, certifying Plaintiff as an additional insured and a loss payee under the insurance policy issued by Tokio to Agri-Systems. The insured equipment at issue was a 2250 Manitowoc Crawler crane leased by the Plaintiff to Defendant Agri-Systems. The crane sustained significant damage during a weather event in May 2024. The Plaintiff is seeking money damages against the Defendants to compensate Plaintiff for its losses.

On November, 25, 2025, Plaintiff commenced this action in the Benton County Superior Court. ECF No. 1-7 pg. 1. As to MMA, the Plaintiff alleges that MMA negligently mispresented the amount of insurance coverage that was available to the Plaintiff which they relied upon in agreeing to lease to Agri-Systems. ECF No. 1-7 pg. 8. MMA subsequently filed a Notice of Removal removing this action from the Benton County Superior Court to this Court. ECF No. 1. On January 26, 2026, Marsh & McLennan filed its Motion to Dismiss claiming lack of personal jurisdiction and for insufficient service of process. ECF No. 12.

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

## II.    FACTUAL BACKGROUND

On April 8, 2024, Plaintiff and Defendant Agri-Systems ("ASI") entered into a Standard Equipment Lease Agreement ("Agreement") for the lease of a 2250 Manitowoc Crawler ("Manitowoc Crane"). ECF No. 1-7 pg. 2, ¶ 3.2. The Agreement contains a forum selection clause designating Benton County, Washington as the venue for any dispute concerning the Agreement or its subject matter. ECF No. 1-7, Ex. A, pg. 14, 16. The Agreement also required ASI to obtain commercial general liability insurance, and inland marine replacement value coverage for the Manitowoc Crane. *Id*. These coverages were made a condition of the lease and required ASI to provide Plaintiff with a Certificate of Insurance confirming the coverage. *Id*.

ASI retained Defendant Marsh & McLennan Agency ("MMA") to acquire the requisite insurance coverage for them. ECF No. 1-7, pg. 3. MMA as the insurance agent assisted ASI in selecting and purchasing a policy issued by Defendant Tokio Marine American Insurance Company ("Tokio"). *Id*. On April 11, 2024, MMA, at the request of ASI, and on behalf of Tokio, provided a Certificate of Insurance to Plaintiff as required by the Agreement. ECF No. 13-4, pg. 2. The Certificate of Insurance contained the following language:

RE: Agreement #6162

2250 Manitowoc Crawler Crane complete with 180' of boom/200' of luffer, block and ball.

General Liability and Contractors Equipment Coverages are intended to satisfy terms of Lampson International LLC

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 3

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

> Lease Agreements. Lampson is named as additional insured on a primary and non-contributory basis on liability policies and loss payee on contractors equipment policy."

*Id*. Prior to issuing the Certificate of Insurance, MMA received a copy of the Lease Agreement from ASI and therefore had knowledge of the forum selection clause, choice of law, and the requirement that Plaintiff be listed as an additional insured and loss payee. ECF No. 13-3, pgs. 1-4.

On May 16, 2024, a derecho storm struck the Gulf Coast of the United States causing damage to the Manitowoc Crane. ECF No. 1-7 pg. 4. The damage to the Manitowoc Crane occurred while it was in the possession and control of ASI. After the incident, a dispute arose between the parties regarding the amount of coverage payable under the Policy, and the amount tendered to the Plaintiff. ECF No. 1-7 pg. 4-5.

MMA now seeks dismissal of the lawsuit based on lack of personal jurisdiction and insufficient service of process. For the following reasons, this Court should deny Marsh & McLennan's Motion to Dismiss.

## III.   ARGUMENT AND LEGAL AUTHORITY

1. <u>Standard of Review</u>

A motion to dismiss for lack of personal jurisdiction is governed by FRCP 12(b)(2). In opposing a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to show that jurisdiction is appropriate. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). When a motion to dismiss relies only on written materials rather than an evidentiary hearing,

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 4

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

plaintiff only needs to make a prima facie showing of jurisdictional facts. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023).

In deciding a FRCP 12(b)(2) motion, courts may consider matters outside of the pleadings, such as declarations and affidavits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). While the Plaintiff cannot solely rely on the allegations in the Complaint, uncontroverted allegations in the complaint must be taken as true and the court resolves factual disputes in affidavits in the non-moving party's favor. *Id.*

To establish personal jurisdiction, a plaintiff must show that the forum state's jurisdictional statute confers jurisdiction and that the exercise of jurisdiction conforms with federal constitutional principles of due process. *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 850 (9th Cir. 1993). Washington's long-arm statute is coextensive with due process; thus, the court only needs to determine whether personal jurisdiction comports with constitutional due process. *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). "Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotation omitted). Under Washington's long-arm statute and the principles of due process, a federal court must possess <u>either</u> general or specific jurisdiction in order to exercise jurisdiction. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 741-42.

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 5

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

2. <u>Specific Jurisdiction.</u>

Specific personal jurisdiction exists when a matter is related to or arises out of the defendant's contacts with the forum state. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The Ninth Circuit follows the following test in determining whether specific personal jurisdiction is present:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or related to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff has the burden to satisfy the first two elements, and if successful, the burden then shifts to the defendant to show that the exercise of jurisdiction would not be reasonable. *Id.*

a. *Purposeful Direction/Purposeful Availment.*

The first prong of the personal jurisdiction test may be satisfied by purposeful availment, by purposeful direction, or by some combination thereof." *SuperTECH, Inc. v. My Choice Software, LLC*, 158 F.4th 1005, 1010 (9th Cir. 2025).

A showing that a defendant purposefully avails himself of the privilege of doing business in a forum state typically consists of evidence of the

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 6

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

defendant's actions in the forum, such as executing or performing a contract there. By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958). In return for these "benefits and protections," a defendant must -- as a quid pro quo -- "submit to the burdens of litigation in that forum." *Burger King*, 471 U.S. at 476; *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986). Under the purposeful direction test, the court considers "evidence that the defendant has directed his action at the forum state, even if those actions took place elsewhere." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).

A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984) (finding purposeful direction where defendant published magazines in Ohio and circulated them in the forum state, New Hampshire); *accord Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 899 (9th Cir. 2002) (finding purposeful direction where defendant distributed its pop music albums from Europe in the forum state, California).

The Plaintiff, a Washington Limited Liability Company, alleges that MMA engaged in wrongful conduct by misrepresenting the amount of

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 7

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

available insurance under the Policy by issuing a Certificate of Insurance which the Plaintiff relied upon to lease the crane to ASI. Prior to issuing the Certificate of Insurance, MMA was provided the Agreement and issued the Certificate of Insurance to satisfy the conditions of the Agreement on behalf of ASI. ECF No. 13-3 pgs. 1-4. In fact, the Certificate specifically noted that it was provided "to satisfy terms of Lampson International LLC Lease Agreements." ECF No. 13-4, pg. 2. The forum selection clause provided notice that any dispute arising out of the Agreement was subject to the jurisdiction of the State of Washington, and subject to Washington law. ECF No. 13-3, pg. 4. Whether by purposeful availment or by purposeful direction, there is sufficient evidence to find that the exercise of jurisdiction over MMA is appropriate.

Additionally, Washington's long-arm statute, RCW 4.28.185, provides that any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated therein, submits said person to the jurisdiction of the courts of Washington State. Such acts include the transaction of business within the state, the commission of tortious acts within the state, and contracting to insure property within the state. MMA, as Tokio's agent, and at ASI's request, provided a Certificate of Insurance to the Plaintiff, a Washington State Limited Liability Company, which represented that certain insurance coverage existed and named the Plaintiff as an additional named insured and loss payee under the insurance policy. Insurance companies are bound by the representations and actions of their agents with

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 8

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

respect to certificates of insurance. *T-Mobile USA, Inc. v. Selective Ins. Co.*, 532 F. Supp. 3d 1050, 1057 (W.D. Wash. 2021) (citing *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, 194 Wn.2d 413, 450 P.3d 150 (Wash. 2019). By producing the Certificate of Insurance, MMA subjected Tokio to Washington jurisdiction. As Tokio's agent, MMA should likewise be subject to the same jurisdiction.

Last, under general contract principals, forum selection clauses "may give rise to waiver of objections to personal jurisdiction." *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) (citing *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994). Generally, forum selection clauses are presumed to be valid and enforceable unless they are unjust or unreasonable. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Non-parties to a contract may be subject to a forum selection clause if their conduct is closely related to the contractual relationship at issue. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). A forum selection clause may extend to "a range of transaction participants, parties, and non-parties" and the clause may be applied to non-signatories when "the alleged conduct of those non-parties is closely related to the contractual relationship." *Id.*; *see also Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, 507 F. Supp. 3d 1148, 1155–58 (D. Ariz. 2020) (ruling that defendants which were not signatories to the agreement containing the forum selection clause were subject to the agreement as their conduct was closely related to the facts giving rise to the lawsuit); *Holck v. Bank of N.Y. Mellon*

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 9

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

*Corp.*, 769 F. Supp. 2d 1240 (D. Haw. 2011) (finding that the conduct of the non-signatory defendants was so intertwined with the conduct of the signing defendant that the forum selection clause applied to each defendant). Although the Agreement was only signed by Plaintiff and ASI, MMA's alleged conduct is closely related to the Agreement, and should be enforced against MMA.

    b. <u>Claim arises out of contacts with forum.</u>

        Plaintiff's claim against MMA clearly arises out of MMA contacts with the State of Washington. Courts in the Ninth Circuit use a "but for" test to determine whether a plaintiff's injury arises out of a defendant's forum-related activities. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). That is, the plaintiff's claims must specifically revolve around the defendant's contacts with the forum, and "'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

        Here, but for MMA's contacts with this state, Plaintiff's claim against MMA would not have arisen. Plaintiff's claim against MMA is for negligent misrepresentation arising out of the Certificate of Insurance provided to the Plaintiff, a Washington Limited Liability Company, pursuant to an Agreement that specifically concedes Washington jurisdiction. It is proper for the Court to exercise personal jurisdiction over MMA.

    c. <u>Fair Play and Substantial Justice.</u>

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 10

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

If this Court finds that MMA purposefully availed itself of Washington's law, and the claims are related to MMA's activities here, the burden then shifts to MMA to show that the exercise of jurisdiction would not be reasonable. Defendant must present a "compelling case" that an exercise of personal jurisdiction would be unreasonable. *Burger King*, 471 U.S. at 476–77; *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1400 (9th Cir. 1986). In doing so, the Court considers the following factors:

> (1) the extent of the defendant'[s] purposeful interjection into the forum state's affairs (2) the burden on the defendant of defending in the forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). No one factor is dispositive and the Court must balance all factors. *Id.*

In this instance the exercise of jurisdiction is reasonable. First, MMA has purposefully interjected itself into Washington state's affairs by issuing a Certificate of Insurance to comply with the terms of a lease Agreement which explicitly makes itself subject to Washington law and jurisdiction. Further, MMA is not burdened with having to defend in this forum as it maintains several offices throughout the state of Washington which includes an office in Benton County. Similarly, this Court's exercise of jurisdiction will not conflict with the sovereignty of Delaware or New York. Washington has a

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 11

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

strong interest in adjudicating this controversy as Washington has an interest in protecting its citizens from injuries inflicted by out-of-state actors who provide insurance coverage to Washington residents. Lastly, pursuant to the Agreement's forum selection clause, Washington is the sole forum for Plaintiff's claims arising out of the Agreement. MMA had knowledge of that Agreement when it issued the Certificate of Insurance. Therefore, it is reasonable for this Court to exercise jurisdiction over MMA.

3. <u>Service of Process</u>.

A motion to dismiss for insufficient service of process is governed by FRCP 12(b)(5). Once a defendant has challenged sufficiency of process, the plaintiff bears the burden of establishing its sufficiency. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). When analyzing a motion to dismiss under Rule 12(b)(5) courts have broad discretion to either dismiss the action without prejudice or simply quash service and direct plaintiffs to effect service within a specified period of time, if service is deemed insufficient. *Oyama v. Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Under RCW 48.17.173(9), the Washington Insurance Commissioner acts as the attorney to receive service of legal process for nonresident insurance producers for causes of action arising within this state. In this case, Plaintiff served MMA by sending the Summons and Complaint in accordance with RCW 48.17.173(9). MMA argues that the claims made against it did not arise within the State of Washington.

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 12

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

Washington uses a "but for" test to decide whether claims against nonresident defendants arise from its business within the state. *Raymond v. Robinson*, 104 Wn. App. 627, 640, 15 P.3d 697 (Wash. Ct. App. 2001). As argued above, this action does arise out of MMA's contacts with the state of Washington. As MMA's act of issuing the Certificate of Insurance pertains to the Agreement which contains a forum selection clause stating that any action arising out of the Agreement shall be brought in Benton County, Washington. As a non-signatory whose alleged conduct is closely related to the Agreement it is subject to the forum selection clause. *Manetti-Farrow, Inc.*, 858 F.2d at 514 n.5 (9th Cir. 1988). Thus, it was proper for Plaintiff to serve MMA in compliance with RCW 48.17.173(9).

## V.    CONCLUSION

Based upon the foregoing, Plaintiff requests that this Court deny Defendant MMA's Motion to Dismiss. If the Court is inclined to entertain MMA's request for dismissal, Plaintiff respectfully requests an opportunity to conduct discovery, pursuant to Fed. R. Civ. P. 26, to investigate the disputed facts and support the finding of specific jurisdiction.

DATED this 3rd day of March, 2026

MILLER MERTENS & COMFORT, PLLC

By:    */s/ Joel R. Comfort*
JOEL R. COMFORT, WSBA #31477
Attorneys for Plaintiff
1020 North Center Parkway, Suite B
Kennewick, WA 99336
Telephone: (509) 374-4200
Fax: (509) 374-4229
Email:  jcomfort@mmclegal.net

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 13

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, I filed the foregoing with the Clerk of the Court, and emailed it to the following:

Attorneys for Defendant Marsh & McLennan Agency, LLC:

Dwain M. Clifford (dclifford@mwcc.law)

Attorneys for Defendant Tokio Marine America Insurance Company:

Ian M Leifer (ileifer@gth-law.com)

Attorneys for Defendant Agri-Systems:

Stephen M. Lamberson (lambo74@ettermcmahon.com)
Maija M. Druffel (maija@ettermcmahon.com)
Patrick S. Keefe (pkeefe@ettermcmahon.com)

_____/s/ Joel R. Comfort_____
Joel R. Comfort, WSBA #31477
Miller, Mertens & Comfort, PLLC
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
Telephone: (509)374-4200
Fax: (509)374-4229
Email: jcomfort@mmclegal.net

PLAINTIFF'S RESPONSE TO DEFENDANT
MARSH & MCLENNAN AGENCY LLC'S
MOTION TO DISMISS - 14

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200